BEALES, Judge.
Robert Nicholas Dodd (appellant) was convicted after a bench trial of two counts of possession of a controlled substance, pursuant to Code § 18.2-250. He argues on appeal that the trial court erred in denying his motion to suppress evidence collected after his arrest. He contends the officers did not have probable cause for his arrest. For the following reasons, we find the trial court did not err, and we affirm his convictions.
I. Background
Police encountered appellant on the evening of July 23, 2005, while conducting a surveillance operation at a 7-Eleven where they knew illegal drug activity occurred. They first saw appellant when he arrived in the store’s parking lot as a front-seat passenger in a “kind of ... beat-up” Dodge Intrepid with a Florida license plate. Pursuant to a computer check of the license plate number, the officers learned the registered owner of the car was a woman who had been declared a habitual offender in Virginia and had had her driver’s license revoked. The person driving the vehicle at that time was a woman who matched “the descripters [sic] for the registered owner.” The officers watched as appellant and the driver exited the car and entered the store. When they came out a short time later, the driver returned to the Intrepid while another “male approached [appellant] on the sidewalk and made contact.” The two men spoke briefly and then entered a black pickup truck that had been “backed into a parking spot.” While continuing to observe as appellant and the second man sat in the truck for several minutes, the officers determined that the pickup truck was a rental vehicle registered in Maryland. One of the officers, Officer Polowy, testified that “he [couldn’t] say [he observed] a hand to hand ... exchange, but it seemed to him as if [the men] were in the vehicle for a purpose and he thought it was suspicious.” Based on “the totality of everything together,” the officers “felt that perhaps *305 there was a drug transaction,” but that they lacked probable cause to draw such a conclusion at that time.
Although lacking probable cause to believe a drug transaction had occurred, the officers knew the driver of the Intrepid did not have a valid driver’s license, and Officer Shughart approached the driver. While Officer Shughart spoke to the driver, Officer Ivancic approached appellant, who was talking on a cell phone, and appellant agreed to speak with Officer Ivancic. After obtaining appellant’s identification, Officer Ivancic learned appellant’s driver’s license was also suspended. Officer Ivancic informed appellant he was suspicious that a drug transaction may have taken place and asked appellant for permission to search his person. Appellant declined that request, but consented to Officer Ivancic’s subsequent request to frisk him for weapons. Officer Ivancic found no weapons other than a pocketknife that appellant had pointed out, but in appellant’s pants pocket, Officer Ivancic felt a large bulge he suspected was cash. Appellant confirmed the bulge was a roll of money and claimed he had just been paid.
After conferring with the other officers at the scene, Officer Ivancic told appellant he was free to leave. Appellant opted to remain at the 7-Eleven, explaining “his tools for [his] work” as an electrician were in the Intrepid and that he wanted to call a friend to take him and his tools home. Officer Ivancic could see the tools through the window of the car and told appellant he was free to take the tools with him.
Because neither the driver nor appellant was licensed to drive the Intrepid from the scene, Officer Shughart was required to have it towed. While appellant waited for his alternate transportation to arrive, Officer Shughart began to inventory the car’s contents in preparation for towing. Inside the car, Officer Shughart found a woman’s purse containing two pill bottles that had been converted into smoking devices. The devices contained ashes and appeared to have been used to smoke cocaine or marijuana. In a container or “tin” in the center console beneath the front armrest, the police discovered “numerous items of drug paraphernalia,” including marijua *306 na and a piece of suspected crack cocaine. Although one of the officers described the container as a “makeup case” or “makeup purse,” only drugs and drug paraphernalia were inside the container. The female driver admitted the purse that contained the two smoking devices was hers, but she denied knowing the container of drugs was in the center console and disclaimed ownership of the container and its contents.
At this point, Officer Ivancic told appellant that he could not leave and that they intended to search him. After Officer Ivancic had begun the search, appellant fled. He was caught and searched again, and Officer Ivancic found heroin and cocaine in a bag removed from appellant’s sock. Appellant also had $1,885 in cash and three empty sandwich baggies in his pocket. After the arrest, appellant told Officer Ivancic that he had the drugs “simply [to] use[] as like a bartering tool with women ... [he] bartered sex for those narcotics.”
Prior to trial, appellant moved the trial court to suppress the evidence collected after his arrest, arguing that the arrest was without probable cause. Appellant renewed his motion to suppress at trial. The trial court found the officers had probable cause to arrest appellant and denied the motion. Appellant was convicted based on his possession of the heroin and cocaine discovered in his sock.
II. Probable Cause
On appeal of the denial of a motion to suppress, we consider the evidence adduced at both the suppression hearing and at trial, DePriest v. Commonwealth, 4 Va.App. 577, 583, 359 S.E.2d 540, 542-43 (1987), and we view it in the light most favorable to the prevailing party, granting to the evidence all reasonable inferences fairly deducible therefrom, Commonwealth v. Grimstead, 12 Va.App. 1066, 1067, 407 S.E.2d 47, 48 (1991). “We are bound by the trial court’s findings of historical fact unless ‘plainly wrong’ or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.” McGee v. Commonwealth, *307 25 Va.App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).
Ward v. Commonwealth, 47 Va.App. 733, 742-43, 627 S.E.2d 520, 525 (2006), aff'd on other grounds, 273 Va. 211, 639 S.E.2d 269 (2007).
The parties agree that the ultimate issue is whether the officers had probable cause to arrest appellant. “The Supreme Court ‘repeatedly has explained that “probable cause” to justify an arrest means facts and circumstances within the officer’s knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing ... that the suspect has committed, is committing, or is about to commit an offense.’ ” Thomas v. Commonwealth, 38 Va.App. 49, 53, 561 S.E.2d 754, 756 (2002) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979)).
The offense at issue here was possession of crack cocaine. To arrest for the offense of cocaine possession, an officer must have probable cause to believe “ ‘the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.’ ” Castaneda v. Commonwealth, 7 Va.App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)).
Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal drugs of any duration. Constructive possession of illegal drugs may be proven by “ ‘evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.’ ”
Wells v. Commonwealth, 32 Va.App. 775, 781, 531 S.E.2d 16, 19 (2000) (quoting Burchette v. Commonwealth, 15 Va.App. 432, 434, 425 S.E.2d 81, 82 (1992) (quoting Drew v. Common *308 wealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986))). Code § 18.2-250 provides that, “[ujpon the prosecution of a person for [possessing a controlled substance as proscribed by Code § 18.2-250], ownership or occupancy of ... a vehicle ... in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed [that] controlled substance.” (Emphases added). See also Myers v. Commonwealth, 43 Va.App. 113, 119-21, 596 S.E.2d 536, 538-39 (2004) (discussing the difference between a finding of proof beyond a reasonable doubt to prove guilt and the lower standard of probable cause necessary for an arrest). Nevertheless, proximity to the contraband or occupancy of a vehicle in which the contraband was found is a factor that may be considered in determining whether a defendant possessed the contraband, see Drew, 230 Va. at 473, 338 S.E.2d at 845 (citing Code § 18.2-250); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc), whether for purposes of proving probable cause or proving guilt beyond a reasonable doubt.
Here, the facts and circumstances available to the officers when they arrested and searched Dodd were sufficient to provide them with probable cause to believe Dodd constructively possessed the cocaine found in the center console of the Intrepid. The vehicle’s registered owner, the only other occupant of the car, admitted possessing the homemade smoking devices found in a purse in the car, but she specifically stated that she knew nothing about the separate container in which the drugs were found and that neither the container nor its contents belonged to her. The fact that she confessed to owning the smoking devices found inside the purse, a criminal offense, added to the credibility of her denial of ownership of the cocaine found in the center console. Cf. Ellison v. Commonwealth, 219 Va. 404, 408-11, 247 S.E.2d 685, 688-89 (1978) (discussing statements against a declarant’s interest and reliability).
Other than the driver, the only person known to have recently occupied the vehicle was appellant. Further, appellant had been riding in the front passenger seat, directly *309 beside the center console in which the container of drugs and paraphernalia was found, and he admitted having stowed “a large amount of tools” inside the car. The officers, therefore, were entitled to draw an inference that appellant was comfortable keeping items of his property, including narcotics, in this vehicle. The officers also were entitled to draw the inference that an unnamed third person was unlikely to have left the crack cocaine in a vehicle belonging to another, especially as neither appellant nor the driver mentioned a third person. See Ward, 47 Va.App. at 753 n. 4, 627 S.E.2d at 530 n. 4 (“Our cases recognize that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area.”). Finally, the officers, who encountered appellant while conducting surveillance in a high drug area, were armed with the additional knowledge that appellant had just engaged in suspicious behavior suggestive of a drug transaction with a person traveling in a rental vehicle, and they observed a large bulge in his pants pocket that appellant admitted was a roll of cash.
The totality of the circumstances supported the reasonable inference that the drugs in the center console belonged to appellant, which provided the officers with probable cause to arrest appellant and to search him incident to that arrest.
The decision in Maryland v. Pringle, 540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003), supports our affirmance of the trial court’s ruling. Pringle was a front-seat passenger in a car that the police searched pursuant to the driver’s consent. Id. at 368, 124 S.Ct. at 798. An officer pulled down the backseat armrest and found cocaine in glassine bags between the armrest and the back of the seat. Id. The officer also recovered $763 from the glove compartment. Id. None of the three men in the car admitted ownership of the cocaine. Id. at 368-69, 124 S.Ct. at 798-99. Pringle was arrested for possessing cocaine and admitted his guilt, but he subsequently moved to suppress his confession, contending the police lacked probable cause to arrest him. Id. at 369, 124 S.Ct. at 799. The Supreme Court unanimously held:
We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge *310 of, and exercised dominion and control over, the cocaine. Thus a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly.
Id. at 372, 124 S.Ct. at 801.
The facts here are stronger than those in Pringle in several respects. Here, appellant was one of only two people in a car. The drugs were physically closer to appellant than they were to the defendant in Pringle. Here, because of the pat-down search to which appellant consented, the officer knew prior to the arrest that appellant had a large amount of cash on his person, not simply in the glove compartment as in Pringle. Here, appellant engaged in suspicious behavior at night in a known drug trafficking area, whereas in Pringle the men engaged in no action that suggested trafficking or purchasing of drugs, except that they were in a car at night with five glassine bags containing cocaine.[1] Here, the female driver denied ownership of the cocaine found in the front center console of her car, just as the three men in Pringle denied owning the cocaine found in the backseat of their vehicle. Here, however, the female driver admitted that she owned other contraband, which the officers found in a purse also located in the car. As set out above, her confession to ownership of the smoking devices, a criminal offense, added to the credibility of her denial of ownership of the cocaine itself.
The only potentially significant difference between the facts in Pringle and the facts here concerns the amount of drugs found in the car. In Pringle, the Supreme Court noted that the amount of drugs found in the backseat suggested the parties were involved in selling narcotics. 540 U.S. at 373, 124 S.Ct. at 801 (discussing Ybarra v. Illinois, 444 U.S. 85, 100 *311 S.Ct. 338, 62 L.Ed.2d 238 (1979)). The Supreme Court explained:
In Wyoming v. Houghton, 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999), we noted that “a car passenger—unlike the unwitting tavern patron in Ybarra—will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing.” Id., at 304-305, 119 S.Ct. at 1303 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408. Here we think it was reasonable for the officer to infer a common enterprise among the three men. The quantity of drugs and cash in the car indicated the likelihood of drug dealing, an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him.

Id.

Here, no one testified that the quantity of drugs found in the car was inconsistent with personal use. The officers recovered only an unknown quantity of marijuana[2] and one “small” rock of cocaine from the Intrepid’s center console. Therefore, the evidence here presents a less compelling case for the conclusion that appellant and the driver were engaged in drug dealing. However, the evidence presents a more compelling case for the conclusion that they were engaged in the common enterprise of ingesting illegal narcotics. The driver had two smoking devices in her purse, and the container in the center console contained additional drug paraphernalia that the driver said did not belong to her. Here, also, appellant had a large amount of cash in his pocket,[3] clearly giving him the means to purchase the cocaine. In addition, as the Supreme Court noted in Pringle, “ ‘a car passenger— unlike the unwitting tavern patron in Ybarra—will often be *312 engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing.’” Id. (quoting Houghton, 526 U.S. at 304-05, 119 S.Ct. at 1303). The “common enterprise” concept applies equally well to the facts of this case as it did in Pringle, although in relation to usage rather than distribution of drugs.
Even if a reasonable officer could not assume that appellant and the driver shared a common enterprise, the lack of a common enterprise is not critical to the Commonwealth’s case, especially given the facts here. Although Pringle includes “common enterprise” as a factor to consider in determining whether an officer had probable cause, the Court did not hold that “common enterprise” is the controlling factor. Id. In fact, the Court specifically eschewed focusing on one factor “in isolation.” Id. at 372 n. 2, 124 S.Ct. at 801 n. 2.
The driver here disowned the container in which the crack cocaine was found. The only other person in the car was appellant. In Pringle, the officers had no information that pointed specifically to any of the three people in the car as the possessor of the narcotics or as the drug dealer. Here, the officers had information that specifically excluded the driver as the possessor of the cocaine. Appellant was, logically, the only other person in the car who could be responsible for the cocaine.
We conclude that the court did not err when, in denying appellant’s motion to suppress, it held that “[a]ll the circumstances combined” provided the officers with probable cause to arrest appellant. The officers were entitled to rely on the driver’s statement that she owned the purse and its contents but that she did not own the marijuana or crack cocaine or the container in which they were found. The only other person in the car was appellant. The officers also knew that appellant was in a drug trafficking area at night, was sitting in the front seat of the car within easy reach of the drugs, had other possessions in the car, had acted suspiciously after he arrived at the 7-Eleven, and had a large amount of cash in his pants pocket. Based on the totality of the circumstances, the offi *313 cers acted on a reasonable belief that they had probable cause to arrest appellant for possession of the drugs discovered in the car.
On brief, appellant also argues that, because Pringle involved a Maryland statute and the Maryland statutes differ from the Virginia statutes, the analysis in Pringle does not apply here. We disagree. Pringle does not rely on the wording of a Maryland statute, but instead discusses constitutional principles that are equally applicable here. Similarly, appellant’s argument relies on the constitutional principle of probable cause rather than on the wording of the Virginia Code. As the Virginia statute he cites, Code § 18.2-250, does not address arrest and probable cause, but instead defines the crime of possession of a controlled substance and limits the presumptions a fact finder can use in determining guilt beyond a reasonable doubt, this statute does not apply to the analysis here. The question before us here relates only to the standard of proof for probable cause (i.e., reasonable person)—not the standard of proof for guilt (i.e., beyond a reasonable doubt). See Myers, 43 Va.App. at 119-21, 596 S.E.2d at 538-39.
Appellant also argues that, as the police found the crack cocaine in a “makeup purse”—a container that appellant, a man, would not have used—the police did not have probable cause to believe he possessed the cocaine. However, the fact that a container is characterized as masculine or feminine does not preclude a person of the opposite gender from possessing or using it. In addition, appellant’s argument ignores the fact that the driver, while admitting ownership of the purse containing the smoking devices, specifically denied ownership of the container in which the cocaine and marijuana were found, permitting the officers to conclude that appellant was its only possible possessor. No characteristically “female” items, such as makeup, were found in the container, and the record contains no explanation as to why the officer who found it characterized it as a “makeup case.” Another officer characterized the item as a “tin.” Viewed in the light most favorable to the Commonwealth, which we must do on appeal, given the *314 Commonwealth prevailed before the trial court, the container could just as easily have been characterized in a gender-neutral fashion as a “drug case.”
III. Conclusion
We hold the trial court did not err in denying appellant’s motion to suppress, and we affirm the convictions.

Affirmed.

. The Supreme Court in Pringle did not state the weight of the drugs in the glassine bags. The Maryland Court of Special Appeals noted that “the baggies discovered by Officer Snyder contained .7 grams of cocaine.” Pringle v. State, 141 Md.App. 292, 785 A.2d 790, 794 (2001). The record here does not state the weight of the drugs discovered in the center console.

. The record also is silent regarding the packaging of the marijuana.

. While the officer did not know the exact amount of the cash in appellant’s pocket before the search incident to arrest, he discovered during the earlier pat-down search that appellant had a significant number of bills in his pocket.