COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


BRIAN ALAN THOR
                                                MEMORANDUM OPINION[*] BY
v.      Record No. 2595-08-1                    JUDGE ELIZABETH A. McCLANAHAN
                                                        MARCH 9, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Johnny E. Morrison, Judge[1]

        Gregory K. Matthews (Brenda C. Spry; Office of the Public
        Defender, on brief), for appellant.

        Susan M. Harris, Assistant Attorney General (William C. Mims,
        Attorney General, on brief), for appellee.


        Brian Alan Thor appeals his convictions for possession of cocaine, assaulting a police

officer, and resisting arrest.  He argues the trial court erred in denying his motion to suppress drugs

obtained from an illegal arrest.[2]  We reverse and remand to the trial court the conviction for

possession of cocaine.  We affirm the convictions for assaulting a police officer and resisting arrest.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Dean W. Sword, Jr., presided over the hearing on appellant's motion to suppress the evidence.

[2] Thor also argues the officers made an illegal entry into his hotel room and that he had a right to resist an illegal arrest.  Thor did not make these arguments in either his written motion to suppress or at the hearing on his motion.  Furthermore, he did not move the trial court to suppress his assault against the officer after his arrest nor did he object to the testimony regarding his assault at trial.  Therefore, these arguments are waived under Rule 5A:18.  "[T]his Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).

## I. STANDARD OF REVIEW

To prevail on appeal Thor bears the burden to "show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the prosecution, was reversible error." Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003). Although we review the trial court's application of the law *de novo*, Kyer v. Commonwealth, 45 Va. App. 473, 479, 612 S.E.2d 213, 216-17 (2005) (*en banc*), we defer to the trial court's findings of fact taking care "'both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" Malbrough v. Commonwealth, 275 Va. 163, 169, 655 S.E.2d 1, 3 (2008) (quoting Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000) (citation omitted)); see also Ferguson v. Commonwealth, 52 Va. App. 324, 334, 663 S.E.2d 505, 510 (2008), aff'd, 278 Va. 118, 677 S.E.2d 45 (2009). "Thus, we must give 'deference to the factual findings of the trial court' and 'independently determine' whether those findings satisfy the requirements of the Fourth Amendment." Kyer, 45 Va. App. at 479, 612 S.E.2d at 217 (quoting Whitfield, 265 Va. at 361, 576 S.E.2d at 464). We consider the evidence adduced at the hearing on the motion to suppress as well as the evidence adduced at trial. Dodd v. Commonwealth, 50 Va. App. 301, 306, 649 S.E.2d 222, 224 (2007); DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987).

## II. ANALYSIS

Thor argues the police lacked probable cause to arrest him for either falsely summoning the police or for disorderly conduct -- the two offenses relied upon by the Commonwealth to justify Thor's arrest and the search incident to his arrest.[3] Because the arrest was illegal, Thor contends, the drugs obtained from his arrest should have been suppressed.

---

[3] Thor was never charged with disorderly conduct. He was charged with falsely summoning the police but found not guilty in the trial court. A defendant need not be charged with or convicted of the offense giving police probable cause for an arrest. See, e.g., Devenpeck

"[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). Probable cause does not "'deal with hard certainties, but with probabilities.'" Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality)). Nor does it "demand any showing that such a belief be correct or more likely true than false." Id. (quoting Brown, 460 U.S. at 742). Instead, probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983).

## A. False Summons of Police

At approximately 3:00 a.m., Thor called on a non-emergency police dispatch line from a room at the Renaissance Hotel and was "screaming at the top of his lungs," "very irate," and "hysterical." He then called 911 and demanded to speak with Detective Thomas saying he was arrested earlier by Thomas and "his life was in danger." He was told Detective Thomas was not on duty but another officer would be sent. Thor was "still very irate and hysterical and advised that his life was in danger," but he only wanted Detective Thomas. When the police arrived and identified themselves as police officers, Thor continued to scream that he "need[ed] help" but he only needed Detective Thomas. Upon entering Thor's room, the police arrested him for falsely summoning

---

v. Alford, 543 U.S. 146 (2004) (in determining legality of arrest, offense for which there is probable cause not required to be related to offense stated by officer at time of arrest); United States v. Robinson, 414 U.S. 218 (1973) (defendant convicted of narcotics offense arising from search incident to arrest for driving under revoked license); Jordan v. Commonwealth, 207 Va. 591, 151 S.E.2d 390 (1966) (fact that defendant not charged with offense giving officers probable cause to arrest irrelevant to legality of arrest); Slayton v. Commonwealth, 41 Va. App. 101, 582 S.E.2d 448 (2003) (where defendant arrested for possession of cocaine, possession of concealed weapon could be used as basis for search incident to arrest though defendant was never charged with that violation).

police. Because Thor was resisting and fighting against the officers, they had to carry him to the elevator and to their vehicle. Once they reached the vehicle, the police searched Thor and found cocaine. Officer Christopher Clinton testified the police determined Thor had no injuries and was not requesting or in need of medical assistance after they arrested him.

Code § 18.2-461 provides, "[I]t shall be unlawful for any person . . . *without just cause and with intent to interfere with the operations of any law-enforcement official*, to call or summon any law-enforcement official by telephone or other means, including engagement or activation of an automatic emergency alarm." (Emphasis added). Even by the officer's own testimony, only *after* the police placed Thor into custody did they ascertain facts giving them probable cause to believe Thor was falsely summoning police. Therefore, at the time of Thor's arrest, the police did not possess facts and circumstances to warrant a belief that Thor was summoning the police "without just cause and with intent to interfere with the operations of any law-enforcement official." Code § 18.2-461.

## B. Disorderly Conduct

In addition to calling the police dispatcher, Thor had been calling the front desk of the hotel saying he needed help. When Officer Clinton went to Thor's hotel room, he could hear him screaming from the hallway that he needed help and he needed Detective Thomas. Although he initially refused to let police in and security personnel were getting ready to open the door for the police, Thor finally opened the door. After he opened the door, Thor backed up and appeared to reach for something. Officer Clinton and another officer tackled him to the floor and took him into custody.

Code § 18.2-415 provides in pertinent part that:

> [a] person is guilty of disorderly conduct if, with the intent to cause
> public inconvenience, annoyance or alarm, or recklessly creating a
> risk thereof, he:

> A. In any . . . public building, . . . or public place *engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed[.]*

(Emphasis added). At the time Thor was arrested, the police did not possess any facts warranting a belief that Thor's conduct was directed at any person in particular or that Thor's conduct would provoke a violent response. Although Thor was screaming for help and for Detective Thomas, he "made no threatening remarks, uttered no words that would reasonably incite a breach of the peace, [and] made no threatening movements toward the officers." Ford v. City of Newport News, 23 Va. App. 137, 144, 474 S.E.2d 848, 851 (1996). And, "[t]here is simply no evidence in the record to support a reasonable belief . . . that the officers considered [Thor's reaching for something] to be an assault." Id.[4]

## III. CONCLUSION

Because the police lacked probable cause to arrest Thor for either falsely summoning police or for disorderly conduct, we find the trial court erred in denying Thor's motion to suppress the drugs obtained from his arrest. Therefore, we reverse the conviction for possession of cocaine and remand this case to the trial court for a new trial on that charge if the Commonwealth be so advised. The convictions for assault on a police officer and resisting arrest are affirmed since Thor's argument that he had a right to resist an illegal arrest was waived.[5]

Affirmed, in part, and reversed and remanded, in part.

---

[4] In the trial court, Thor also argued he was not in a public place within the meaning of Code § 18.2-415(A). Although he does not make this argument on appeal, our finding that the facts did not warrant a reasonable belief Thor's conduct had a direct tendency to cause violence makes it unnecessary for us to reach the issue of whether Thor was in a public place.

[5] Thor does not argue that the trial court erred in failing to grant his motion to strike the assault or resisting arrest charges.