COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


JEREMY DAVID DOWDELL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1982-09-1               JUDGE RUDOLPH BUMGARDNER, III
                                                    JULY 27, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Crystina Kowalczyk O'Brien, Assistant Public Defender, for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Jeremy David Dowdell, appeals his conviction of possession of heroin, Code § 18.2-250.

The defendant entered a conditional guilty plea after the trial court denied his motion to suppress

admission of the heroin seized from his person.  We conclude that the police had probable cause to

search the defendant, and the heroin found in his pockets was properly admitted as evidence.

Accordingly, we affirm.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193, 197,

487 S.E.2d 259, 261 (1997) (en banc) (citation omitted).  We review de novo the questions of

reasonable suspicion and probable cause, but we "review findings of historical fact only for clear

error and . . . give due weight to inferences drawn from those facts by resident judges and local law

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996). "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

Police were conducting drug interdiction surveillance at hotels near the Hampton Coliseum. They parked in different locations at the Red Roof Inn, which was the "most active" of the hotel parking lots in the surveillance area. A vehicle entered the hotel parking lot and drove to the back of the hotel where it pulled up to a breezeway that connected the front and back of the hotel. The defendant exited the rear passenger door and walked through the breezeway to the front of the hotel. The police considered this activity suspicious because there was ample room to have parked on the front side of the hotel. After only two or three minutes, the defendant returned to the car. It pulled out of the parking lot onto Mercury Boulevard where police stopped it for defective equipment.

During the traffic stop, a K-9 officer brought his narcotics detection dog to the car. It alerted at the front passenger door. The officers then removed the driver, a front seat passenger, and the defendant from the car. During a pat-down search of the front seat passenger, they found a loaded .40 caliber pistol in his waistband. In the front console of the car the officers found a digital scale with marijuana residue on it. Upon discovering the scale, the officers searched all three occupants of the vehicle and found six packets of heroin in the defendant's pants pocket. They arrested the defendant for possession of heroin.

The defendant does not contest the legality of the stop or the search of the vehicle. The issue is whether police had probable cause to arrest because a search of the defendant was justified only as a search incident to an arrest. The defendant maintains that when the police searched him, they did not have probable cause of criminal activity particularized as to him.

In <u>Whitehead v. Commonwealth</u>, 278 Va. 300, 683 S.E.2d 299 (2009), a police narcotics dog alerted to the car in which the defendant was a passenger. After a search of the other two occupants did not produce any drugs, the police searched the defendant. They found heroin on him. The Court stated that the positive alert by the trained narcotics detection dog provided probable cause to search the vehicle, but "'a search or seizure of a person [had to] be supported by probable cause particularized with respect to that person.'" <u>Id.</u> at 309, 683 S.E.2d at 303 (quoting <u>Ybarra v. Illinois</u>, 444 U.S. 85, 91 (1979)). The Court found it was not reasonable to infer that when the drugs were not found on the first two occupants they must be on the only other occupant. The presence of drugs could not be inferred because it was just as likely the dog alerted to an old odor as to drugs currently present in the car. <u>Id.</u> at 314, 638 S.E.2d at 306. Accordingly, the Court concluded the alert by the dog "did not provide probable cause sufficiently particularized as to [a passenger] to allow the search of his person." <u>Id.</u> at 314, 683 S.E.2d at 305.

In <u>Whitehead</u> the drug dog's alert was the only circumstance suggesting Whitehead was engaged in criminal activity. In this case, the police developed additional incriminating factors that indicated criminal activity before they searched the defendant. "[E]vidence showing a common criminal enterprise can provide the necessary link between criminal activity and an individual so as to establish probable cause sufficiently particularized to that individual." <u>Id.</u> at 313, 683 S.E.2d at 305.

In <u>Maryland v. Pringle</u>, 540 U.S. 366 (2003), the defendant was one of three men riding in a vehicle at 3:16 a.m. Over $763 in rolled-up cash was recovered from the glove compartment directly in front of Pringle, and five glassine baggies of cocaine were behind the backseat armrest and accessible to all three men. All three men denied ownership of the cocaine and the money. "The quantity of drugs and cash in the car indicated the likelihood of drug dealing, an enterprise

to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." Id. at 373. Those facts were sufficient to constitute probable cause to believe that Pringle possessed cocaine.

In the present case, the police found a digital scale with marijuana residue in the console. Finding drugs in the car confirmed the dog had alerted to drugs currently present. The police next found a pistol hidden in the front passenger's waistband. Immediately before stopping the car, the police had observed the defendant acting suspiciously in an area under surveillance for drug activity.

The defendant's suspicious acts at the hotel were "suggestive of a drug transaction" in a high crime area that was under police surveillance. Dodd v. Commonwealth, 50 Va. App. 301, 308, 649 S.E.2d 222, 225 (2007). The digital scale found in the center console and the gun found on the other passenger were both "tools of the trade" in illegal drug operations. Bolden v. Commonwealth, 49 Va. App. 285, 294, 640 S.E.2d 526, 531 (2007). These factors indicated the likelihood of drug dealing by the three occupants of the car just as did the quantity of drugs and cash in Pringle. The "additional factors" to the alert by the drug dog created a "fair probability" that police would find evidence of a crime on the defendant's person. They provided "the necessary link between criminal activity and an individual so as to establish probable cause sufficiently particularized to [him]." Whitehead, 278 Va. at 313, 683 S.E.2d at 305 (discussing Pringle).

We conclude that the police did have sufficient particularized probable cause to arrest the defendant and, therefore, the police were justified in searching his person pursuant to that arrest. Accordingly, we affirm the judgment of the trial court denying the motion to suppress.

Affirmed.