COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

UNPUBLISHED

RONALD WILLIAM WETHINGTON, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1537-12-1          JUDGE JEAN HARRISON CLEMENTS
OCTOBER 8, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge

Michael C. Poulson (Poulson Law, P.L.L.C., on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Pursuant to a conditional guilty plea, Ronald William Wethington, Jr. was convicted of

third offense driving while intoxicated in violation of Code §§ 18.2-266 and 18.2-270 and

driving while intoxicated while his driver's license was revoked for two or more prior driving

while intoxicated offenses, in violation of Code § 46.2-391(D)(2)(a). On appeal, Wethington

contends the trial court erred by denying his motion to suppress evidence. Specifically, he

argues the police lacked a reasonable, articulable suspicion of criminal activity to support his

stop. Finding no error in the trial court's decision, we affirm appellant's convictions.

BACKGROUND

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). We review *de novo* the trial court's application of defined legal standards, such as whether the police had reasonable suspicion or probable cause for a search or seizure. Ornelas v. United States, 517 U.S. 690, 699 (1996).

Further, "'[o]n appeal of the denial of a motion to suppress, we consider the evidence adduced at both the suppression hearing and at trial.'" Dodd v. Commonwealth, 50 Va. App. 301, 306, 649 S.E.2d 222, 224 (2007) (quoting Ward v. Commonwealth, 47 Va. App. 733, 742-43, 627 S.E.2d 520, 525 (2006)).

> This principle applies to a guilty plea no less than to a case tried upon a plea of not guilty. Under Virginia law, "the court shall try the case" after receiving a guilty plea. Va. Const., art. I, § 8; see also Code § 19.2-257. This does not mean that "evidence *must* be heard upon a plea of guilty." Kibert v. Commonwealth, 216 Va. 660, 664, 222 S.E.2d 790, 793 (1976) (emphasis in original); see also Haring v. Prosise, 462 U.S. 306, 316 (1983). But it does mean that when evidence, a stipulation, or an unobjected-to proffer is presented to the trial court in conjunction with a guilty plea, an appellate court will consider it alongside the other evidence presented during the earlier suppression hearing.

Smith v. Commonwealth, 61 Va. App. 112, 116 n.2, 733 S.E.2d 683, 685 n.2 (2012).

So viewed, the evidence proved that during the early morning hours on June 17, 2011, Chesapeake Police Officer Burl Taylor observed Wethington driving on Campostella Road when another vehicle turned onto Campostella Road in front of Wethington. Taylor explained he believed a crash was imminent between the two vehicles immediately after the other driver turned. Taylor testified at the motion hearing that Wethington "was moving at a rate of speed that [the officer] didn't know if [Wethington] was going to be able to stop in time to avoid rear-ending the other car . . . ." Taylor was uncertain if Wethington was exceeding the posted speed limit. However, the stipulation of facts, agreed to by Wethington and introduced at the guilty plea hearing, indicates Taylor would have testified at trial that he "observed [Wethington's vehicle] speed up behind a second vehicle and follow so closely Taylor believed an accident was about to occur." While the incident occurred at an intersection controlled by a traffic signal, Taylor could not recall which vehicle had the right-of-way.

After the incident, Taylor followed Wethington and the other vehicle on Campostella Road. Taylor conceded the vehicles were no longer in close proximity. The other vehicle turned left onto the next street, and Taylor continued to trail Wethington. Wethington then turned on the subsequent street, and Taylor initiated a traffic stop. Taylor testified he stopped Wethington for following the other vehicle too closely after it had pulled out in front of him. When Taylor asked Wethington why he believed he was stopped, Wethington responded, "Speeding." After Wethington failed several field sobriety tests, the officer arrested him for driving while intoxicated.

Wethington filed a motion to suppress the evidence obtained during the course of the traffic stop, claiming Taylor stopped him without a reasonable suspicion to do so. The trial court denied the motion. The court found the near impact provided Taylor with a reasonable suspicion that Wethington "was either following too closely or speeding under the circumstances[.]"

- 3 -

ANALYSIS

"The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures." Otey v. Commonwealth, 61 Va. App. 346, 348, 735 S.E.2d 255, 256 (2012). "'[W]hen the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)). For such a stop to be lawful under the Fourth Amendment, the seizing officer must have a "'reasonable suspicion supported by articulable facts that criminal activity "may be afoot."'" Shiflett v. Commonwealth, 47 Va. App. 141, 146, 622 S.E.2d 758, 760 (2005) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968))). Likewise, "[a]n officer may effect a traffic stop when he has reasonable suspicion to believe a traffic or equipment violation has occurred." McCain v. Commonwealth, 275 Va. 546, 553, 659 S.E.2d 512, 516 (2008).

In order to determine if a suspicion is reasonable, a court must look to the totality of the circumstances, as "'there are no bright line rules to follow.'" Shiflett, 47 Va. App. at 146, 622 S.E.2d at 761 (quoting Reel v. Commonwealth, 31 Va. App. 262, 266, 522 S.E.2d 881, 883 (2000)). "A reasonable suspicion justifying an investigatory stop is 'something more than an inchoate and unparticularized suspicion or "hunch" of criminal activity,' but 'something less than probable cause.'" Lawson v. Commonwealth, 55 Va. App. 549, 555, 687 S.E.2d 94, 98 (2010) (quoting Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004) (quoting Terry, 392 U.S. at 27) (some internal quotation marks and other citations omitted)). In determining the existence of a reasonable suspicion to support a stop, "it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the

- 4 -

action taken was appropriate?" <u>Terry</u>, 392 U.S. at 21-22. "[W]e must consider the 'totality of the circumstances and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training and experience of the investigating officer.'" <u>Blevins v. Commonwealth</u>, 40 Va. App. 412, 421-22, 579 S.E.2d 658, 663 (2003) (quoting <u>Murphy v. Commonwealth</u>, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989)).

The touchstone of reasonable suspicion is an objective inquiry from the seizing officer's perspective. The Commonwealth is not required to provide proof of criminal activity to meet this standard. <u>See</u> <u>Shiflett</u>, 47 Va. App. at 146, 622 S.E.2d at 760. An officer's subjective reasoning for a stop is not relevant in determining reasonable suspicion; only the officer's observations, objectively viewed, are of consequence. <u>See</u> <u>Harris v. Commonwealth</u>, 276 Va. 689, 697, 668 S.E.2d 141, 146 (2008).

Taylor stated that he stopped appellant for having too closely followed the other vehicle. In pertinent part, Code § 46.2-816 provides, "[t]he driver of a motor vehicle shall not follow another motor vehicle . . . more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and conditions of, the highway at the time."

Although the record does not reflect whether the other vehicle improperly turned in front of Wethington, the evidence adduced at the motion hearing combined with the stipulation of facts demonstrates Wethington intentionally accelerated after the other car entered the roadway, thus getting so close to the other car that Taylor believed an accident was imminent.

Code § 46.2-816 is intended to encourage drivers to be mindful of cars in front of them. The Supreme Court of Virginia explained why drivers are prohibited from following another vehicle too closely as follows:

> The likelihood of sudden stopping is one of the reasons for requiring an automobile driver to keep a proper lookout, and to maintain a reasonable and prudent distance behind an automobile in front of him. Every driver knows that vehicles may stop

suddenly for various reasons or causes. It is not necessary that one should foresee the cause for which a car may stop; but if he is prudent he must recognize the possibility of a sudden stop.

Maroulis v. Elliott, 207 Va. 503, 509-10, 151 S.E.2d 339, 344 (1966) (interpreting former Code § 46.1-213,[1] a nearly identical predecessor to Code § 46.2-816). Thus, the statute is designed to prevent accidents that could have been avoided if a proper distance was maintained, something in the following driver's control. See id. By accelerating after the other car turned onto the roadway, Wethington positioned his car too closely to the other vehicle, presenting the danger of an accident and providing Taylor with a reasonable basis for conducting the subsequent traffic stop. Thus, it is a violation of Code § 46.2-816 to follow a vehicle "more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and the conditions of, the highway at the time." Upon observing the vehicle following so closely in the circumstances presented, and based on the record and stipulations before us, the officer could have reasonably and objectively concluded that the vehicle was following "more closely than is reasonable and prudent."

Reasonable suspicion "requires only 'some minimal level of objective justification' for making . . . a stop." Branham v. Commonwealth, 283 Va. 273, 280, 720 S.E.2d 74, 78 (2012) (quoting I.N.S. v. Delgado, 466 U.S. 210, 217 (1984)). Here, Wethington's driving provided the necessary level of suspicion to support a stop.

Accordingly, we hold that an objective police officer could have reasonably believed that Wethington had violated the law. Thus, we hold the trial court did not err by denying the motion to suppress. We affirm the trial court's decision and appellant's convictions.

Affirmed.

---

[1] Former Code § 46.1-213 provided: "The driver of a motor vehicle shall not follow another motor vehicle, trailer or semitrailer more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time."