COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


TYRONE DRUMGOOLE
                                          OPINION BY
v.     Record No. 1055-97-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        MARCH 24, 1998
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                      Robert G. O'Hara, Jr., Judge

           Andrew E. Weaver (Traylor, Morris & Wornom,
           on brief), for appellant.

           John K. Byrum, Jr., Assistant Attorney
           General (Richard Cullen, Attorney General, on
           brief), for appellee.


     Tyrone Drumgoole (appellant) was convicted in a jury trial

of robbery in violation of Code § 18.2-58.  On appeal, he

contends the trial court erred in allowing questioning on

cross-examination that was beyond the scope of the direct

examination.  For the following reasons, we affirm the

conviction.

                                I.

     On June 29, 1996, David Anderson, the victim, went to pick

up his daughter at her mother's apartment.  When he arrived at

the apartment several people were present, including the

daughter's grandmother, Clifton Bailey, Mario Smith, Tyrone Pair,

and appellant.  Bailey repeatedly asked Anderson for money to buy

beer and later to speak with him outside the apartment.  During

the conversation outside, Anderson noticed Pair, Smith, and

appellant approach.  Anderson was hit from behind and knocked unconscious.  He did not see his attacker.  When he awoke he discovered $20 to $30 was missing from his right front pocket.  A grand jury indicted appellant on charges of malicious wounding in violation of Code § 18.2-51 and robbery in violation of Code § 18.2-58.

At trial, Tawanda Hollomond, a convicted felon, testified for the Commonwealth.  Hollomond stated that she knew both appellant and the victim, was present at the time of the attack, and saw the victim conversing with appellant and the others.  She heard a "slapping noise" and saw Anderson on the ground.  Hollomond stated that she observed appellant go through the victim's pockets and remove something from the right front pocket.  On cross-examination, Hollomond admitted that twelve years earlier she had argued with appellant regarding overdue video tapes, but denied any more recent conflict.

On direct examination, appellant limited his testimony to the video dispute with Hollomond and added that he and Hollomond had two past disputes.  He described the argument mentioned by Hollomond which occurred twelve years earlier and also described an argument as recent as one or two years earlier in which Hollomond said "she was going to get him."  His relationship with Hollomond was the only issue covered on appellant's direct examination.

On cross-examination, the Commonwealth questioned appellant

about the Hollomond disputes.  Additionally, and over defense objection, the prosecutor also asked appellant about the night Anderson was attacked.  The trial court overruled the defense objection, stating, "[h]e may make him his witness, but I don't believe the defense takes the stand on any qualified immunity.  I believe the Commonwealth can explore other issues to include the events of that evening."

The jury acquitted appellant of malicious wounding but found him guilty of robbery.  He was sentenced to serve five years imprisonment.

## II.

The sole issue on appeal is whether the trial court abused its discretion in allowing the Commonwealth to cross-examine appellant beyond the scope of matters raised on direct examination.  Appellant contends the Commonwealth could only question him regarding his relationship with Tawanda Hollomond and nothing further.  This argument is without merit.

"In any case of felony or misdemeanor, the accused may be sworn and examined in his own behalf, and if so sworn and examined, he shall be deemed to have waived his privilege of not giving evidence against himself, and <u>shall be subject to cross-examination as any other witness</u> . . . ."  Code § 19.2-268 (emphasis added).  "Cross-examination . . . entitles the Commonwealth to bring out . . . facts relating to the guilt or innocence of the accused . . . ."  <u>Thaniel v. Commonwealth</u>, 132

3

Va. 795, 806, 111 S.E. 259, 262 (1922).

> [W]hen the accused voluntarily takes the stand he "loses his character as a party, becomes a mere witness, and may be examined as fully as any other witness. He may be examined and must answer concerning all matters which are relevant to the case, whether testified to on the direct examination or not."

Smith v. Commonwealth, 182 Va. 585, 598, 30 S.E.2d 26, 31 (1944)

(citation omitted).

> [T]o confine the cross-examination of the accused to such matters as have been brought out on direct examination is "palpably unfair to the prosecution," for since it can not call him as a witness or compel him to testify on direct examination, unless it could develop relevant facts on his cross-examination it might be deprived of all means of proving them, and this, too, although the accused, by voluntarily taking the stand, had waived the privilege of self-incrimination.

Id. at 600-01, 30 S.E.2d at 32.

In the instant case, appellant testified on direct examination about his adversarial relationship with Hollomond in an effort to discredit her testimony concerning the circumstances of the robbery. Under the rationale of Smith and Thaniel, once appellant testified in this manner, the Commonwealth could explore additional matters relating to the facts of the case on cross-examination.

Appellant also argues that even if the Commonwealth was permitted to expand the areas covered on cross-examination beyond the scope of direct, such questioning must be reserved for

4

rebuttal. A trial judge has great latitude in admitting testimony during cross-examination. See Scott v. Commonwealth, 18 Va. App. 692, 693-94, 446 S.E.2d 619, 619 (1994). The trial court possesses broad discretion regarding the order of proof and examination of witnesses and its decisions thereon can be overturned only for an abuse of discretion. See Satcher v. Commonwealth, 244 Va. 220, 252, 421 S.E.2d 821, 840 (1992), cert. denied, 507 U.S. 933 (1993). "[I]t is now universally held that the order in which the evidence is introduced is a matter which rests in the sound discretion of the trial court, and unless abused the exercise of such discretion is not ground for reversal." Smith, 182 Va. at 600, 30 S.E.2d at 32. We find no abuse of discretion, and for the foregoing reasons, we affirm the conviction.

Affirmed.