COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


EVWAN LEVAR WELLS
                                        OPINION BY
v.    Record No. 1950-99-2          JUDGE LARRY G. ELDER
                                         JULY 11, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                      Thomas V. Warren, Judge

            Charles C. Cosby, Jr. (Andrea C. Long; Boone,
            Beale, Cosby & Long, on brief), for
            appellant.

            Michael T. Judge, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Evwan L. Wells (appellant) was convicted in a bench trial

for possession with intent to distribute more than one-half

ounce but less than five pounds of marijuana, in violation of

Code § 18.2-248.1.  On appeal, appellant contends the trial

court erroneously (1) concluded the evidence was sufficient to

prove he possessed the marijuana; (2) permitted the Commonwealth

to impeach its own witness; and (3) permitted the Commonwealth

to argue in closing that appellant took the stand but failed to

deny possession of the drugs, thereby implying he was guilty.

We hold the testimony of Commonwealth's witness Aretha Elder was

not inherently incredible and, along with other evidence, was

sufficient to prove appellant's guilt beyond a reasonable doubt.

We also hold the trial court did not err in permitting the Commonwealth to impeach its own witness, who first gave testimony at odds with her prior statement but later admitted most of the statement was true. Finally, we hold the court did not err in permitting the Commonwealth to comment in closing on appellant's failure, while testifying in his own behalf, to disclaim possession of the drugs. Therefore, we affirm appellant's conviction.

## A.

### SUFFICIENCY OF THE EVIDENCE TO PROVE POSSESSION[1]

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The conclusions of the fact finder on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)).

---

[1] Appellant does not challenge the sufficiency of the evidence to prove intent to distribute.

-

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal drugs of any duration. See Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 82 (1992) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Neither close proximity to illegal drugs nor occupancy of an automobile in which they are found, standing alone, is sufficient to prove "possession" of such drugs; however, both are factors that may be considered in determining whether possession occurred in a particular case. See Castaneda, 7 Va. App. at 583-84, 376 S.E.2d at 87.

-

Circumstantial evidence may be sufficient to prove possession, as long as it excludes all reasonable hypotheses of innocence flowing from the evidence. See Higginbotham, 216 Va. at 352-53, 218 S.E.2d at 537 (citing LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950)).

Here, the combination of direct and circumstantial evidence was sufficient to prove beyond a reasonable doubt that appellant constructively possessed the marijuana found at 200 Gravatt Avenue. Although Aretha Elder's trial testimony was partially inconsistent with her pretrial statement to police, she testified unequivocally that she knew appellant and her cousin Jacques were selling narcotics from her home. The only aspect of that issue on which her testimony varied from her pretrial statement was whether appellant and Jacques made the sales from "outside" or "in[side]" the home when she was present. Aretha Elder's testimony on this point was not inherently incredible and was supported by the testimony of Officer Rutledge that Daniel Coles had purchased marijuana there a few days previously. The trial court was entitled to accept Aretha Elder's testimony as true. It also was entitled to reject appellant's testimony and that of his father as to how appellant obtained the large quantity of cash he had in his possession at the time of the search.

Other evidence established that appellant frequently "stayed" at 200 Gravatt Avenue and may have helped Jacques Elder

-

with his share of the rent.  Appellant was present when police executed a search warrant on September 11, 1997, and was present for at least thirty minutes prior to the execution of the second warrant on February 24, 1998.  When police entered the second time, they noticed the strong odor of marijuana and found marijuana in numerous locations throughout the house.  Aretha Elder's statement that appellant and Jacques sold drugs from that location, coupled with appellant's presence in the home with the strong odor of marijuana, multiple packages of marijuana and cocaine, paraphernalia indicative of drug distribution, including two sets of scales and a large quantity of small ziploc baggies, and a large quantity of cash on his person were sufficient to prove appellant possessed the marijuana jointly with others and to exclude all reasonable hypotheses of appellant's innocence.  See Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994) (noting that defendant's possession of a large sum of money in hotel room in which drugs were found was a factor in determining whether appellant constructively possessed the drugs).

## B.

### IMPEACHMENT OF COMMONWEALTH'S WITNESS

Appellant contends the trial court erred in allowing the Commonwealth to impeach its own witness.  We disagree.

-

"Code § 8.01-403, applicable in criminal as well as civil cases, allows impeachment of a party's witness with prior inconsistent statements after that witness had been found by the trial court to be adverse." Ragland v. Commonwealth, 16 Va. App. 913, 920, 434 S.E.2d 675, 680 (1993). "A party's own witness 'prove[s] adverse' if the witness 'surprise[s] the party by changing stories or becoming hostile on the stand.'" Maxey v. Commonwealth, 26 Va. App. 514, 519, 495 S.E.2d 536, 539 (1998) (quoting 1 Charles E. Friend, The Law of Evidence in Virginia § 4-9, at 147 (4th ed. 1993) (emphasis omitted)). Prior inconsistent statements admitted for impeachment may not be used to prove the truth of their contents. See Hall v. Commonwealth, 233 Va. 369, 374-75, 355 S.E.2d 591, 595 (1987).

The record here supports a finding that Aretha Elder surprised the Commonwealth when she testified inconsistently with her prior statement to Officer McNabb. Further, Aretha Elder's inconsistent testimony was on issues relevant to the Commonwealth's case, including questions about appellant's connection to the residence in which the drugs were found, how often he was there, whether he paid rent, and whether appellant and Jacques Elder used drugs or sold drugs from the house.

Although such prior inconsistent statements are admissible only for impeachment, appellant's only objection at trial was "to the Commonwealth['s] impeaching their own witness." No evidence indicates the trial court considered the prior

-

inconsistent statements for an improper purpose.  Aretha Elder

ultimately admitted while testifying that most of her prior

statements were largely true, and she corrected or clarified

those she contended were in error, thereby providing substantive

testimony on most of the same issues covered in her pretrial

statement.

Accordingly, the trial court did not abuse its discretion

when it declared Aretha Elder an adverse witness and allowed the

Commonwealth, in effect, to cross-examine her about her prior

inconsistent statements.

C.

COMMONWEALTH'S COMMENT ON APPELLANT'S TAKING THE STAND BUT
FAILING TO DENY MARIJUANA POSSESSION

Appellant contends that by taking the stand and testifying

about how he was employed at the time of the offense, he waived

his right against self-incrimination on that issue only and that

the Commonwealth's cross-examination was limited to the scope of

his direct examination.  Consequently, he asserts, he did not

waive his right against self-incrimination on any other issue

and the trial court erred in allowing the Commonwealth to argue

during closing that his failure to deny possession of the

marijuana was probative of his guilt.  We disagree.

An analysis of this assignment of error requires

consideration of two related principles.  First, at common law,

an accused "was incompetent to testify in his own behalf."

-

Smith v. Commonwealth, 182 Va. 585, 596, 30 S.E.2d 26, 30 (1944).  This disability has been removed by statute in most jurisdictions, including Virginia.  See id.; Code § 19.2-268. An accused has a right under the United States Constitution to testify in his or her own behalf.  See Rock v. Arkansas, 483 U.S. 44, 49-53, 117 S. Ct. 2704, 2708-10, 97 L. Ed. 2d 37 (1987).  Although an accused may now choose to testify in his or her own behalf, the United States and Virginia Constitutions also provide that an accused may not be "compelled in any criminal proceeding" to do so.  Va. Const. art. I, § 8; see U.S. Const. amend. V.; see also Farmer v. Commonwealth, 12 Va. App. 337, 340, 404 S.E.2d 371, 372 (1991) (holding that Virginia Constitution's self-incrimination provision is no broader than provision in federal constitution).  If the accused chooses not to testify, "the Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."  Griffin v. California, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233, 14 L. Ed. 2d 106 (1965).

Code § 19.2-268 both removes the common-law prohibition on an accused's testifying and sets out certain principles intended to protect the accused's constitutional right not to testify. That statute provides as follows:

> In any case of felony or misdemeanor,
> the accused may be sworn and examined in his
> own behalf, and if so sworn and examined, he

-

> shall be deemed to have waived his privilege
> of not giving evidence against himself, and
> shall be subject to cross-examination as any
> other witness; but his failure to testify
> shall create no presumption against him, nor
> be the subject of any comment before the
> court or jury by the prosecuting attorney.

Code § 19.2-268.

An accused does not waive his privilege against self-incrimination by testifying before trial or, in a jury trial, outside the presence of the jury as to "collateral matters," such as venue or the admissibility of a confession. See Washington v. Commonwealth, 214 Va. 737, 738-39, 204 S.E.2d 266, 267 (1974); Friend, supra § 7-7(c)(3), at 261. However, an accused who chooses to testify as permitted by Code § 19.2-268 "must accept all of the terms of that section, and (1) 'be deemed to have waived his privilege of not giving evidence against himself,' and (2) 'be subject to cross-examination as any other witness.'" Thaniel v. Commonwealth, 132 Va. 795, 805, 111 S.E. 259, 262 (1922) (citation omitted). The testifying accused waives his privilege against self-incrimination "absolutely and in all respects." Id. at 806, 111 S.E. at 262 (emphasis added).

> [W]here the accused takes the stand in his
> own behalf and voluntarily testifies for
> himself, he may not stop short in his
> testimony by omitting and failing to explain
> incriminating circumstances and events
> already in evidence, in which he
> participated and concerning which he is
> fully informed, without subjecting his

-

> silence to the inferences naturally to be
> drawn from it.

Caminetti v. United States, 242 U.S. 470, 494, 37 S. Ct. 192, 198, 61 L. Ed. 442 (1917) (upholding trial court's giving of instruction permitting jury to draw such an inference), cited with approval in Johnson v. United States, 318 U.S. 189, 196, 63 S. Ct. 549, 553, 87 L. Ed. 704 (1943); see also Carpenter v. United States, 264 F.2d 565, 569-70 (4th Cir. 1959).  A court does not err in instructing a jury that it may draw such inferences from the selective silence of a testifying accused. See Caminetti, 242 U.S. at 494, 37 S. Ct. at 198.  Any inferences that a jury may draw are also appropriate subjects for argument by the Commonwealth.

Manifestly, an accused who takes the stand waives his right against self-incrimination in its entirety, not just selectively, and may be cross-examined on any subject related to the offenses for which he is on trial.  See, e.g., Drumgoole v. Commonwealth, 26 Va. App. 783, 786-87, 497 S.E.2d 159, 161 (1998) (holding that defendant who testified on direct examination only about reasons Commonwealth's witness would be motivated to give false testimony about him could be cross-examined about the circumstances surrounding the malicious wounding and robbery for which he was on trial).  An accused, by taking the stand, also waives his right not to have the Commonwealth comment on his failure to testify on a particular

-

issue or subject. Both the United States and Virginia Constitutions and Code § 19.2-268 prevent the Commonwealth from commenting on the failure of the accused to testify only if he does not take the stand. Once the accused does so, as set out above, he waives the privilege against self-incrimination "absolutely and in all respects." Thaniel, 132 Va. at 806, 111 S.E. at 262; see Caminetti, 242 U.S. at 494, 37 S. Ct. at 198. Accordingly, we hold the trial court did not err in permitting the Commonwealth to argue that appellant's failure to deny possession of the marijuana was probative of his guilt of the charged offense.

For these reasons, we hold the evidence was sufficient to support appellant's conviction. We also hold the trial court did not err when it allowed the Commonwealth to question its own witness about allegedly prior inconsistent statements and to comment in closing about appellant's failure when testifying to disclaim possession of the marijuana. Therefore, we affirm appellant's conviction.

Affirmed.

-