COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


KEVIN ANTOINE HERNDON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2907-07-1              JUDGE SAM W. COLEMAN III
                                                         MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                                Louis R. Lerner, Judge

            Douglas J. Walter (McDermott, Roe & Walter, on brief), for
            appellant.

            Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Kevin Antoine Herndon, appellant, challenges his convictions for possession of a firearm

after having been convicted of a felony and possession of a firearm while in possession of drugs.

On appeal, he contends the evidence was insufficient to prove he possessed a firearm, an element of

the two offenses.  Finding no error, we affirm the decision of the trial court.

                                        Background

        On February 17, 2006, Detective Christine Saunders and other members of a Special

Investigations Unit executed a search warrant at a dwelling where appellant resided with a married

couple and two children.  When the officers entered the house, a man, a woman, and two children

were in the living room.  Detective Saunders testified that appellant was seated at a dining room

table with an open shoebox located on the table directly in front of him.  The contents of the open

shoebox were in plain view and included cocaine, marijuana, plastic bags, a cell phone, scales, and a

─────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

small key ring with two keys attached to it. The shoebox and the items in it were within reach of appellant.

Another detective found a loaded handgun on the top shelf of a closet in a bedroom of the house. The bedroom was that of Marcus and Danielle Cooper. The gun, which was secured with a trigger lock, was inside a shoebox that also contained ammunition, a magazine, and narcotics. Detective Saunders determined that the keys on the key ring located on the table in front of appellant opened the trigger lock. Detective Saunders asked appellant if he knew anything about the gun, and he initially denied knowledge of the firearm. Detective Saunders testified she then told appellant "that the key he had on his key ring in front of him fit the gun lock." She stated appellant "kind of hung his head and shrugged a little bit and . . . he said he knew the gun was there and the gun was there because of him, but that he did not own it." Detective Saunders testified that appellant told her he lived in the residence and he was a convicted felon. Detective Saunders stated that Marcus Cooper told her the drugs found in the closet with the gun belonged to him. Marcus Cooper was also charged with possession of a firearm.

Danielle Cooper testified that two days before the search warrant had been executed, she discovered the firearm on top of the washing machine located in the bathroom. The key was in the trigger lock. She stated she had never seen the gun before and she asked appellant about the weapon. Danielle Cooper testified that appellant explained the gun belonged to his boss who had left the gun there after a recent visit. She stated she removed the key from the trigger lock, gave the key to appellant, put the gun on the shelf in the back of her closet, and told no one where she put the gun.

Michael Feeney testified that appellant occasionally performed work for him and that on either February 15 or 16, 2006, he had gone to appellant's residence to pay him for his work. Feeney explained that he had gone to a shooting range just prior to going to appellant's house and

had taken the gun with him. Feeney testified he inadvertently had left the gun in the bathroom. He identified the recovered gun as his.

Appellant testified he had seen Feeney with the firearm during the visit, but did not realize Feeney had left the gun until Danielle Cooper showed him the weapon. Appellant admitted that Danielle Cooper gave him the key to the trigger lock, but he testified he did not touch the gun or know where Danielle Cooper had put it. He also testified that the key ring was not inside the shoebox when the detectives arrived, but was on the table where he had placed it several days earlier.

The trial court found appellant guilty of the firearms offenses.[1]

Analysis

> "We have held in many cases that, upon appellate review, the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). "The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is plainly wrong or without evidence to support it." Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (internal quotation marks and citation omitted). The issue upon appellate review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion

---

[1] Appellant entered Alford pleas to charges of possession with intent to distribute cocaine and possession with intent to distribute marijuana arising out of this same incident. See North Carolina v. Alford, 400 U.S. 25 (1972). These convictions are not before this Court.

and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

"[W]hen we consider the sufficiency of the evidence we do not consider each piece of evidence in isolation. Instead, we review the totality of the evidence to determine whether it was sufficient to prove an offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007) (citing Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004)).

It is of some significance, of course, that appellant lived in the house where the firearm was found. "While no presumption arises from the . . . occupancy of premises where [an item] is found, such circumstances may be considered by the court, along with other circumstances disclosed by the evidence, in determining the defendant's guilt or innocence." Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974). However, the evidence disclosed much more than mere occupancy. When the officers entered the house, appellant was seated at a table in front of an open shoebox that contained keys which fit the trigger lock of the recovered gun. The keys were immediately in front of appellant and within his reach. When Detective Saunders confronted appellant with the fact that the key "on his key ring" fit the trigger lock, appellant did not deny that he possessed and was in control of the key ring or that it belonged to him. Furthermore, in his own testimony, appellant admitted that he knew the keys fit the trigger lock and that he had accepted and taken possession of the key from Danielle Cooper when she questioned him about the firearm.

Appellant's possession of the keys to the trigger lock provided him with the means to exercise dominion and control over the gun. "'The law is well established that possession of the means to exercise dominion [and] control over an item gives the possessor dominion [and] control over the item [itself.]'" Wright v. Commonwealth, 53 Va. App. 266, 274, 670 S.E.2d

- 4 -

772, 776 (2009) (quoting Bell v. Commonwealth, 21 Va. App. 693, 698-99, 467 S.E.2d 289,

291-92 (1996) (holding that victim's possession of keys to vehicle placed her in possession or

control of vehicle for purposes of carjacking statute, Code § 18.2-58.1)); cf. Burchette v.

Commonwealth, 15 Va. App. 432, 435-36, 425 S.E.2d 81, 84 (1992) (reversing conviction based

on constructive possession, noting lack of evidence that defendant possessed keys to vehicle

where contraband was found).

In addition, while appellant initially denied any knowledge of the gun, when confronted

with the fact that the key fit the trigger lock, he told Detective Saunders "he knew the gun was

there, it was there because of him, but it did not belong to him." These inconsistent statements

not only proved his knowledge of the presence of the gun, but were further evidence of his guilt.

"A defendant's false statements are probative to show he is trying to conceal his guilt, and thus

are evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823,

831 (1991). From appellant's statement that he knew the gun was "there," the trial court could

infer that appellant knew the gun was "there" in the closet. "In its role of judging witness

credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and

to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27

Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Additionally, appellant's evidence that the gun belonged to his employer, even if

accepted by the trial court, does not negate the fact that appellant constructively possessed the

gun since "a person may constructively possess [items] owned by another." Hamilton v.

Commonwealth, 16 Va. App. 751, 756, 433 S.E.2d 27, 29 (1993). "Possession need not be

actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes

constructive or joint possession of illegal [items] of any duration." Wells v. Commonwealth, 32

Va. App. 775, 781, 531 S.E.2d 16, 19 (2000). Regardless of who owned the gun, appellant's

knowledge of the presence of the gun in the house and his possession of the keys, which enabled him to access and use the gun are sufficient to establish he exercised dominion and control of the gun.

This case is distinguishable from several cases in which the Supreme Court of Virginia has reversed convictions based on constructive possession. In Maxwell, drugs were found in a stack of plywood located outside of a fence enclosing a lumberyard. Maxwell, 275 Va. at 440-41, 657 S.E.2d at 501. Police had been pursuing the accused who was seen walking out from behind the stacks of plywood. Id. at 440, 657 S.E.2d at 501. The Court held:

> All the Commonwealth is really left with, . . . is evidence that the defendant was seen near the stacks of plywood where the drugs were found. But it was not shown that he was ever in such close proximity as would support a finding that he was aware of both the presence and the character of the drugs and that they were subject to his dominion and control. In any event, while proximity is a factor to be considered along with other evidence, mere proximity is not sufficient to prove possession, and the utter lack of any other evidence connecting the defendant to the drugs creates a wide gap in the chain of circumstances that is fatal to the Commonwealth's case.

Id. at 444, 657 S.E.2d at 503. See also Drew, 230 Va. at 473, 338 S.E.2d at 845 (reversing conviction based on constructive possession where record contained no evidence of statements or conduct tending to show accused was aware of presence of substance in dwelling and only evidence of dominion and control was documents showing accused claimed dwelling address as his residence); Jordan v. Commonwealth, 273 Va. 639, 647, 643 S.E.2d 166, 170-71 (2007) (reversing conviction of driver, finding evidence did not establish driver was aware of presence and character of ecstacy or that it was under his dominion and control where ecstacy found on ground outside of stopped car on passenger side, only passenger was seen making furtive gestures, only passenger admitted he had just been to "a club," and driver possessed only a roll of money).

Unlike the circumstances in <u>Maxwell</u>, <u>Drew</u>, and <u>Jordan</u>, here, appellant occupied the dwelling in which the firearm was found, he made a statement admitting his knowledge of the presence of the gun in the house, and he possessed the trigger lock keys, which rendered the firearm subject to his dominion and control. Therefore, from the evidence presented, the trial court could conclude beyond a reasonable doubt that appellant constructively possessed the firearm.

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>