COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges AtLee and Malveaux
Argued at Richmond, Virginia


BRANDON KEITH BROWNING
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0352-22-2            CHIEF JUDGE MARLA GRAFF DECKER
                                                         NOVEMBER 9, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

Todd M. Ritter (Hill & Rainey, on brief), for appellant.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a jury trial, the Circuit Court of Chesterfield County convicted Brandon Keith

Browning of possession of a firearm by a convicted felon in violation of Code § 18.2-308.2.  The

appellant challenges the sufficiency of the evidence to support his conviction, arguing that the

Commonwealth failed to establish that he had constructive possession of the firearm.  For the

reasons that follow, we affirm the trial court's judgment.

BACKGROUND[1]

In the early morning hours of July 19, 2020, Chesterfield County police officers went to

the appellant's residence in a matter unrelated to this case.  After initially receiving no response

to their knocks on the door, the police obtained warrants for the appellant's arrest.  They then

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under the applicable standard of review, an appellate court considers the evidence "in
the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.
Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381
(2016)).

attempted to contact him using a loudspeaker. When the appellant still did not respond, the police entered the house. After seeing the appellant peer down the hallway from the doorway of a rear bedroom and then close the door, the officers forced their way into the bedroom. The appellant was on the bed, and his nine-year-old son was standing in the bedroom closet.

The officers saw a firearm inside the closet. A shotgun with a wood butt and foregrip was leaning upright against the closet wall. The officers also found shotgun shells in the bedroom closet. Along with the shotgun and ammunition, the closet contained adult-sized clothing and shoes.

The shotgun was not submitted for DNA or fingerprint testing, but it was determined to be a functioning firearm.

The police transported the appellant for booking. Officer Shannon Rogers asked him about the shotgun found in the bedroom closet. He told her that the shotgun was his and that he used it for his and his son's safety.[2]

The appellant testified on his own behalf. He stated that the residence had previously belonged to his mother but he was living there since her death in 2017. According to the appellant, his mother owned the shotgun and it remained in the closet after she died. The appellant testified that although he had moved into the bedroom in 2019 and accessed his clothes in the closet daily, he "never touched" the shotgun. He stated that he had a prior felony conviction and knew he was not allowed to possess a firearm. The appellant explained that he had not disposed of the gun because he did not know what to do with it. However, he also testified that he intended to give the shotgun to his son when he turned ten years old. In conflict with Officer Rogers's testimony, the appellant claimed that he said nothing to her about the

---

[2] Rogers's body-worn camera inadvertently was not activated when the appellant made the statement.

shotgun in the closet. He testified that instead of telling the officer that he had the firearm for his and his son's protection, he told her that at the time that the police first entered the house, he closed the bedroom door for his and his son's protection.

The appellant moved to strike the evidence, arguing that it was insufficient because the Commonwealth had failed to prove he had dominion and control over the shotgun. The trial court denied the motion. The jury convicted the appellant of possession of a firearm by a convicted felon. He was sentenced to five years in prison.

ANALYSIS

The appellant challenges the sufficiency of the evidence to support his conviction. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).

When conducting this analysis, the appellate court views the evidence in the "light most favorable" to the Commonwealth, the party who prevailed in the trial court. *See, e.g.*, *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 494 (2015)). This review requires the Court to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn" from that evidence. *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

The reviewing court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015) (quoting *Crowder v. Commonwealth*, 41 Va. App. 658, 663 (2003)). Instead, the question

on appeal is "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Flanders v. Commonwealth*, 298 Va. 345, 353 (2020) (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). Further, we defer to the jury's findings on the credibility of the witnesses and the inferences to be drawn "from basic facts to ultimate facts" unless no rational trier of fact could have made such findings. *See Davis*, 65 Va. App. at 500 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

This review "does not distinguish between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Moseley*, 293 Va. at 463 (quoting *Commonwealth v. Hudson*, 265 Va. 505, 512-13 (2003)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

The appellant challenges his conviction for being a felon in possession of a firearm. Under Code § 18.2-308.2, it is "unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm or ammunition for a firearm." The appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that he constructively possessed the shotgun. Specifically, he contends that the evidence did not support the conclusion that he had dominion and control of the weapon.

To prove constructive possession of a firearm, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Smallwood v. Commonwealth*, 278 Va. 625,

630 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). "Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal [items] of any duration," no matter who actually owns them. *Wells v. Commonwealth*, 32 Va. App. 775, 781 (2000).

"Whether evidence is sufficient to prove constructive possession 'is largely a factual' question . . . ." *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (quoting *Smallwood*, 278 Va. at 630). "Although mere proximity to the [item] is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed" it. *Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997). Moreover, "ownership or occupancy of the premises where the [item] is found" is also a factor that "may be considered" in determining possession. *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006) (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)).

The appellant argues that because he testified that he never touched the shotgun, the Commonwealth did not exclude the possibility that he did not exercise dominion and control of it and therefore did not constructively possess it. "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Archer*, 26 Va. App. at 12-13). "Merely because [the] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [finder of fact] to decide." *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004) (quoting *Miles v. Commonwealth*, 205 Va. 462, 467 (1964)).

In finding the appellant guilty, the jury credited the Commonwealth's evidence and rejected the appellant's claim that the shotgun was not subject to his dominion and control. "The

fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Rams*, 70 Va. App. at 26-27 (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)); *see Glover v. Commonwealth*, 3 Va. App. 152, 159-60 (1986) (holding that the trial court as fact finder did not err in assessing the credibility of the witnesses and inferring from their testimony that the defendant knew there was a handgun in a vehicle he had borrowed), *aff'd*, 236 Va. 1 (1988) (per curiam). When the fact finder has resolved "credibility issues . . . in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). Further, and particularly significantly here, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). In addition, the jury was permitted to consider the appellant's 2012 felony conviction in assessing his credibility. *See* Code § 19.2-269.

The appellant does not dispute that he knew the shotgun was in the bedroom closet. Nor does he dispute that he occupied that bedroom since at least 2019 or that he kept his clothes in the closet with the gun. He admitted to Officer Rogers that the shotgun belonged to him and that

he used it to protect himself and his son.[3]  The appellant also testified that he intended to give the firearm to his son when he reached the age of ten.[4]

The evidence before this Court supports the conclusion that the appellant was "aware of the presence and character" of the shotgun in his bedroom closet and that it was "subject to his dominion and control."  *See Rawls v. Commonwealth*, 272 Va. 334, 349-51 (2006) (holding that the defendant's presence in his bedroom with the firearm combined with other circumstances established his possession of the contraband).  Therefore, the record was sufficient to support the finding that he constructively possessed the firearm.[5]

CONCLUSION

The evidence, viewed in the light most favorable to the Commonwealth, supports the jury's findings that the appellant had dominion and control over the firearm found in his bedroom closet, proving his constructive possession of the gun.  Therefore, we hold that the Commonwealth presented sufficient evidence to prove the appellant's guilt beyond a reasonable

---

[3] The appellant testified that he told Rogers he had closed the bedroom door for protection and said nothing about the shotgun.  He argues that Rogers's testimony should not be believed because her body camera was not turned on and thus his statement was not recorded.  However, the jury was aware that the camera was not operating at the relevant time.  It was responsible for assessing the credibility of the witnesses and could credit Rogers's testimony rather than that of the appellant.  *See Flanagan*, 58 Va. App. at 702.

[4] A reasonable inference from the appellant's intent to make such a gift is that the shotgun was subject to his dominion and control.

[5] We recognize that possession may be actual or constructive.  *See Smallwood*, 278 Va. at 629-30; *Rawls*, 272 Va. at 350.  However, the issue raised by the appellant is whether the evidence was sufficient to prove that he had constructive possession of the firearm.  Consequently, in light of our conclusion that the evidence supports a finding of constructive possession, we do not address whether the evidence was sufficient to prove that the appellant had actual possession of the shotgun.  *See, e.g.*, *Commonwealth v. Swann*, 290 Va. 194, 196 (2015).

doubt, and we affirm the conviction for possession of a firearm by a convicted felon in violation of Code § 18.2-308.2.

*Affirmed.*