COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Friedman and White

HASAN IBN-SAMI ABDUSSALAAM[*]

v.      Record No. 1717-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**]
PER CURIAM
NOVEMBER 21, 2023

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(Charles F. Felmlee; Chuck Felmlee Law, P.C., on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the circuit court convicted Hasan Ibn-Sami Abdussalaam for

possessing a firearm after conviction of a violent felony in violation of Code § 18.2-308.2 and

sentenced him to five years of imprisonment.  Abdussalaam challenges the sufficiency of the

evidence to sustain his conviction.  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule

5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

[*] The sentencing order in this case contained clerical errors misspelling the appellant's
name.  Accordingly, our case style will reflect the correct spelling of Abdussalaam's name.

[**] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Abdussalaam's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

At about 11:35 a.m. on January 13, 2022, Officer S. Reid went to 1500 Augusta Street in Lynchburg to investigate a reported disturbance. Officer Reid found "people all over the street" when he arrived, but they immediately dispersed as he exited his vehicle. A silver Volkswagen sedan was parked on the right side of the street; the car was running and the driver's side window was down. As Officer Reid approached the driver's side of the car, he saw the front seat passenger's body shift. Officer Reid heard a "clunking noise against the floor board of the vehicle." The sound was of "metal" hitting the floorboard of the car.[1]

Through the open car window, Officer Reid asked Abdussalaam, who was alone in the vehicle and occupied the front passenger seat, what he had thrown on the floor of the car. Abdussalaam pointed down the street and said "over there." The officer repeated the question about what Abdussalaam had dropped. Abdussalaam said "my phone." Inside the car, Abdussalaam moved around and reached toward the passenger door frame. Abdussalaam produced a cell phone. From the driver's side of the car, Officer Reid then saw "a plastic corner of a magazine of a firearm" in the front passenger compartment of the car. The officer drew his gun and ordered Abdussalaam to exit. After Abdussalaam complied and was handcuffed, Officer Reid saw a firearm on a bag on the front passenger side floorboard of the car. Only the tip of the barrel of the gun was in the bag. Officer Reid retrieved the gun, which had a loaded magazine. Abdussalaam admitted to the police that he knew the gun was in the car and that he was a convicted felon.

---

[1] At trial, the Commonwealth played a video recorded by Officer Reid's body worn camera of the encounter with Abdussalaam and the sound that the officer heard. However, the recording was not introduced into evidence.

- 2 -

Testifying in his own behalf, Abdussalaam stated that he was at Augusta Street with a friend for only five to ten minutes. Then, Abdussalaam got into the car, driven by a friend, so that he could leave the scene to go to work. Sitting in the front passenger seat, Abdussalaam claimed that he saw the bag on the floorboard of the car but did not see the gun. Abdussalaam stated that the police arrived when the driver left his car to tell another passenger that they were leaving. Abdussalaam claimed that he dropped two phones on the floor and he bent over to retrieve them. Abdussalaam said that when the officer asked what he had thrown, he displayed the phones. He claimed that he did not notice the gun until Officer Reid saw it and ordered him out of the car. Abdussalaam said he was 6 feet tall, weighed 240 pounds, and wore a size 11 shoe.

Viewing the photograph of the bag and the gun as they were found in the car, the circuit court concluded that it was impossible for a person of Abdussalaam's size and occupying the passenger seat of the car not to see the gun and the bag, which covered "about ninety percent of the floor space." Rejecting Abdussalaam's testimony, the circuit court noted, "There's no way you can get into there, into that seat and situate your feet and see the bag and not see the gun. I don't believe it for a second." Considering the visibility of the gun and Abdussalaam's proximity to it, the circuit court concluded that he was aware of the gun, that it was subject to his dominion and control, and that he was guilty of the charged offense. This appeal followed.

## ANALYSIS

Under Code § 18.2-308.2, it is unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm." Abdussalaam argues that the evidence was insufficient to prove his guilt of the charged offense beyond a reasonable doubt. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021)

(quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). To prove constructive possession of a firearm, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Id.* (quoting *Bolden*, 275 Va. at 148). "Whether evidence is sufficient to prove constructive possession 'is largely a factual' question and requires circumstantial proof 'that the defendant was aware of the presence and character of the [firearm] and that the [firearm] was subject to his dominion and control.'" *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (alterations in original) (quoting *Smallwood*, 278 Va. at 630). "Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal [items] of any duration[,]" regardless of who actually owns them. *Wells v. Commonwealth*, 32 Va. App. 775, 781 (2000).

Abdussalaam maintains that the evidence was insufficient to prove that he constructively possessed the gun. "Although mere proximity to the contraband is insufficient to establish

possession, it is a factor that may be considered in determining whether a defendant possessed the contraband." *Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997). Moreover, "ownership or occupancy of the premises where the [contraband] is found" is a factor that "may be considered in deciding whether an accused possessed the [contraband]." *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006) (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)).

Abdussalaam argues that the Commonwealth did not exclude the hypothesis of innocence that he did not constructively possess the gun because he testified that he was only in the car briefly and did not see the weapon. However, "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Archer*, 26 Va. App. at 12-13). "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004) (alteration in original) (quoting *Miles v. Commonwealth*, 205 Va. 462, 467 (1964)).

In finding Abdussalaam guilty, the circuit court credited the Commonwealth's evidence, and rejected Abdussalaam's claim that he was unaware of the gun in the car. "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Rams v. Commonwealth*, 70 Va. App. 12, 26-27 (2019) (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). "Where credibility issues are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the

accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). Moreover, the circuit court was permitted to consider Abdussalaam's prior felony conviction in assessing his credibility. *See* Code § 19.2-269.

After hearing the sound of a heavy metal object hitting the floorboard of the car where Abdussalaam sat, Officer Reid became suspicious that he had dropped a gun. The officer questioned Abdussalaam about the sound and approached the car. Officer Reid saw a portion of a firearm magazine near where Abdussalaam sat, and ordered him out of the vehicle. Officer Reid then saw the gun on the floor of the car, unobstructed by the bag. As the circuit court noted, it was impossible for someone in the passenger seat of the car to see the bag but not the gun on top of it. In any event, Abdussalaam admitted to the police that he knew the gun was in the car and that he was a convicted felon. Upon these facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Abdussalaam knew of the gun in the car, that it was subject to his dominion and control, and that he was guilty of violating Code § 18.2-308.2.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court. We remand the case to the circuit court for the sole purpose of correcting the spelling of Abdussalaam's name in the conviction and sentencing orders.

*Affirmed and remanded.*