COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Lorish and White
Argued at Salem, Virginia

CHAD EDWARD HODGES

v.      Record No. 0034-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE LISA M. LORISH
MARCH 19, 2024

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

Wayne Bibee (Bibee Law Firm, on briefs), for appellant.

David A. Stock, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Chad Edward Hodges challenges the sufficiency of the evidence to sustain his conviction for

possession of fentanyl. Because we find the evidence sufficient to establish that Hodges had

knowledge of the nature and character of the fentanyl, we affirm the trial court's judgment.

BACKGROUND[1]

Near midday, Roanoke County Police Officer Taylor Carter stopped Hodges, who was

driving a truck without an inspection sticker. Hodges was the only person in the truck. Officer

Carter asked if there was anything illegal in the truck, and Hodges said no. The officer asked for

permission to search the truck, and Hodges agreed.

---

* This opinion is not designated for publication. See Code § 17.1-413(A).

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

In her search of the truck, Officer Carter found a pink bag on the driver's seat on the side nearest to the center console. Officer Carter explained that at the time of the stop, the bag would have been "placed under" Hodges such that "when he got up it was just lying in the seat."

The pink bag was about three inches long and had a zipper. Within the zippered pink bag was a smaller plastic bag of white powder. Officer Carter also found a pink backpack and other items in the bed of the truck. The backpack contained a black bag with a plastic bag containing white powder residue. The backpack also contained items of female clothing and prescription bottles with the name "Jessica Hammock."

Officer Carter asked Hodges about the white powder from the small pink bag found in the truck's cab; he said the powder did not belong to him. When asked what the substance was, Hodges said that if he had to guess, he would say that it was heroin. Hodges admitted that he used heroin, and had consumed it the night before the traffic stop. Hodges claimed that the backpack belonged to Hammock and he had dropped her off just before the traffic stop.

Laboratory testing proved that the white powder in the small zippered pink bag was 0.454 gram of fentanyl mixed with other substances. The white powder residue from the bag recovered from the truck bed was not identified.

The trial court found the evidence sufficient to prove that Hodges constructively possessed the white powder containing fentanyl in the zippered bag inside the cab of the truck. Hodges appeals.

ANALYSIS

Hodges contends that the evidence was insufficient to prove that he possessed the drugs that the police found in the cab of the truck. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021)

(quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Clark v. Commonwealth*, 279 Va. 636, 641 (2010)).

"In interpreting the Commonwealth's basic statutes proscribing possession of drugs, . . . the applicable legal principles are clear: Possession may be actual or constructive." *Wright v. Commonwealth*, 53 Va. App. 266, 273 (2009); *see also Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009). "Establishing constructive possession requires proof 'that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" *Watts v. Commonwealth*, 57 Va. App. 217, 232-33 (2010) (alteration in original) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476 (1984)). To prove constructive possession of drugs, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the [drugs] and that the [drugs were] subject to his dominion and control." *Smallwood*, 278 Va. at 630 (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). "Whether evidence is sufficient to prove constructive possession 'is largely a factual' question and requires circumstantial proof 'that the defendant was aware of the presence and character of the [contraband] and that the [contraband] was subject to his dominion and control.'" *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (quoting *Smallwood*, 278 Va. at 630). "Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead,

the statute criminalizes constructive or joint possession of illegal [items] of any duration[,]" no matter who actually owns them. *Wells v. Commonwealth*, 32 Va. App. 775, 781 (2000).

Hodges maintains that the evidence was insufficient to prove that he constructively possessed the drugs. "Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband." *Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997). Moreover, "occupancy of the premises where the [contraband] is found" is a factor that "may be considered in deciding whether an accused possessed the [contraband]." *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006). "[P]roof that a person is in *close* proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there." *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992) (emphasis added).

Hodges argues that the Commonwealth did not exclude the hypothesis of innocence that he did not constructively possess the drugs because someone else could have left them behind in the truck. "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [contraband] . . . ." *Brown v. Commonwealth*, 15 Va. App. 1, 10 (1992) (en banc). "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Archer*, 26 Va. App. at 12-13). "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to

decide." *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004) (alteration in original) (quoting *Miles v. Commonwealth*, 205 Va. 462, 467 (1964)).

In support of his argument, Hodges relies on this Court's decision in *Yerling v. Commonwealth*, 71 Va. App. 527 (2020). In *Yerling*, after a traffic stop for speeding, the police found the defendant, who was alone in the car, breathing heavily and sweating. *Id.* at 530. There was a faint odor of marijuana in the car. *Id.* Inside the center console of the vehicle, the police found a small baggy corner of marijuana. *Id.* at 531. Also in the console was a balled-up piece of notebook paper containing a single pink pill, which proved to be oxycodone. *Id.* We reversed the defendant's conviction for possessing oxycodone, finding there was no evidence that he knew the pill was present. *Id.* at 532. The defendant "made no statements, incriminating or otherwise, that would lead the factfinder to infer that he was aware of the presence of the pill." *Id.* at 533. "The testimony at trial was that the pill was out of sight, in a closed console, wrapped in a crumpled piece of paper, in a car that may or may not have belonged to" the defendant. *Id.* "[T]he nature of the pill was not readily apparent[,]" and the crumpled paper in which it was stored "was just as indicative of a piece of trash as it was an intentional hiding place." *Id*. at 535. In short, "[t]he only incriminating fact before the trial court was [the defendant's] proximity to the pill." *Id.* at 533.

Here, there are sufficient facts to support the trial court's conclusion that Hodges knew about the presence of the drugs. Hodges was alone and in the driver's seat of the truck when the police stopped him. Officer Carter found a small pink zippered bag containing the drugs on the driver's seat, where, at the time of the stop, it would have been "placed under [Hodges]" such that "when he got up it was just lying in the seat." The arrest occurred during daylight hours when the bag would have been easily visible in the truck, whose sole occupant was Hodges. Officer Carter asked Hodges about the white powder in the bag, and he denied that it belonged to

him but he guessed that the powder was heroin, which he admitted to using the night before. Collectively, these circumstances suggest Hodges knew the bag contained an illicit substance. While he claimed that he had just dropped off Hammock before the traffic stop, he proffered no evidence or explanation for how she could have left the bag containing the drugs on the driver's seat of the truck, where Hodges would have been physically and visually aware of it, without his knowledge.

Considering these circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Hodges was aware of the drugs, that they were subject to his dominion and control, and that he was guilty of constructively possessing them.

## CONCLUSION

For these reasons, we find that the evidence was sufficient to prove Hodges's guilt beyond a reasonable doubt. Accordingly, we affirm the judgment.

*Affirmed.*